## R. J. McKINNEY ET AL. v. JOHN R. NUNN ET AL.

### No. 7117.

1. **Jurisdiction of District Court — Administration.** — Intestate died in 1861 and administration opened same year. In 1873, the administration still pending, the administrator and his sureties being insolvent, he executed a deed for certain lands to a trustee to secure the distributees for funds for which he was responsible. The deed was made by him and his wife. He had conveyed the land to his wife in 1868 for love and affection and $100. In September, 1882, the beneficiaries brought suit in the District Court against the administrator and those occupying the lands to foreclose the trust deed. The petition alleged that the probate records of the county had been destroyed, and that the administrator and his securities were insolvent; that some of the beneficiaries had been paid in full and others in part, etc. *Held*, that the suit was properly brought in the District Court, although the administration was not closed.

2. **Irrelevant Finding.** — In an action against an administrator for money collected and not paid over, it is no defense that he as administrator has real estate undisposed of; a finding of such fact would not affect the right of plaintiff to judgment for moneys collected and not paid over.

3. **Practice—Immaterial Issue.**—In suit to foreclose a trust deed upon land the defendant under oath attacked the execution and delivery on part of the wife who had joined with her husband in the deed. The defendants insisted that the land was the separate property of the wife under a deed from the husband to her. The jury having found against the deed from the husband to the wife, the trust deed was effective without her joining in it.

4. **Practice.**—Matters pleaded in defense are in issue without replication by the plaintiff. The plaintiff can rebut the testimony upon such issues without pleading on his part. Rev. Stats., art. 1197.

5. **Presumption of Community Property.**—In absence of any testimony showing how land had been acquired, it will be presumed that it is community property at the death of either husband or wife. Rev. Stats., art. 2853.

6. **Interest Against an Administrator.** —It was not error to compute interest on funds withheld by an administrator for an unreasonable time. Suit in 1882 for funds, same shown to have been on hand in 1865, is such failure in duty as to allow that interest be charged.

7. **Special Issues — Practice.** —Where many special issues have been submitted covering apparently the entire case, it is not error to refuse to submit other issues at instance of a party. Such party if aggrieved by such refusal should request special instructions guarding his interests.

8. **Limitation—Administrator.**—In action against an administrator in default for moneys of the estate, the administration not being closed when suit was filed, it was proper to instruct the jury that the action was not barred by limitation.

ERROR from Hill. Tried below before Hon. J. M. HALL.
The opinion states the case.

*McKinnon & Carlton*, *J. G. Abney*, and *Crane & Ramsey*, for plaintiffs in error, cited Smith v. Warren, 60 Texas, 462; Ledyard v. Brown, 27 Texas, 393; Smith v. Smith, 11 Texas, 102; Newson v. Chrisman, 9 Texas, 114; Atchison v. Smith, 25 Texas, 228; Franks v. Chapman, 60 Texas, 47; Loving v. Dixon, 56 Texas, 75; Markham v. Carothers, 47

Texas, 22; Browne v. Johnson, 29 Texas, 42; Tuttle v. Turner, 28 Texas, 759; McLaughlin v. McManigle, 63 Texas, 553; Younge v. Guilbeau, 3 Wall., 636; Davis v. Thorn, 6 Texas, 482; Cloud v. Smith & Adriance, 1 Texas, 105; Claiborne v. Tanner, 18 Texas, 68; Akin v. Jefferson, 65 Texas, 137; Willis v. Lewis, 28 Texas, 186; Redus v. Burnett, 59 Texas, 576.

*Poindexter & Padelford* and *B. D. Tarlton,* for defendants in error, cited Sears v. Sears, 45 Texas, 557; Reed v. Timmons, 52 Texas, 84; Fort v. Fitts, 66 Texas, 593; Timmins v. Bonner, 58 Texas, 554; Cannon v. Cannon, 66 Texas, 682; Mann v. Falcon, 25 Texas, 271; Rev. Stats., arts. 1197, 1317, 1318, 4793; Robinson v. Gould, 26 Iowa, 89; Bensley v. Atwill, 12 Cal., 231; Warren v. Jacksonville, 15 Ill., 236; Blight v. Schenck, 10 Barr, 285; Chandler v. Temple, 4 Cush., 285; Branson v. Caruthers, 49 Cal., 374; Tunison v. Chamblin, 88 Ill., 379–387; Roberts v. Swearington, 8 Neb., 363; Haskell v. Sevier, 25 Ark., 152; Carroll v. Duvall, 22 Ark., 136; Wolverton v. Collins, 34 Iowa, 238; Boody v. Davis, 20 N. H., 140; Rushin v. Shields, 11 Ga., 636; Sonberbye v. Arden, 1 Johns. Ch., 254; Wall v. Wall, 30 Miss., 91; Farrar v. Bridges, 5 Humphries (Tenn.), 411; McLure v. Coldough, 17 Ala., 89; Thatcher v. St. Andrew's Church, 37 Mich., 264; Jones v. Swayze, 2 N. J. L., 279; Garnons v. Knight, 5 Barn. & Cress., 671; Stewart v. Weed, 11 Ind., 92; Peavy v. Tilton, 18 N. H.; Lessee of Mitchell v. Ryan, 3 Ohio St., 377; Moore v. Giles, 49 Conn., 573; Bevard v. Walker, 39 Ill., 415; Ellsberry v. Boykin, 65 Ala., 336.

HENRY, ASSOCIATE JUSTICE.—Defendants in error, except William M. Nunn, brought this suit as heirs of William R. Nunn against the said William M. Nunn and the plaintiffs in error. The object of the suit was to recover against William M. Nunn a judgment for money received by him as administrator of the estate of the said William R. Nunn and to foreclose a deed of trust upon land given by him to secure the payment of the money. Plaintiffs in error were made defendants, because they were in possession of and claimed the land. William R. Nunn died in April, 1861, and William M. Nunn was appointed administrator of his estate in the same month. The last action had in the administration was in the year 1873. The deed of trust was alleged to have been made on the 1st day of March, 1873, by William M. Nunn and his wife Jane M. Nunn to R. J. McKinney, as trustee.

The original petition in this cause was filed on the 2d day of September, 1882. It charged, among other things, that after the payment of all debts against the estate of William R. Nunn there remained in the hands of the administrator William M. Nunn, in money and subject to be distributed to the heirs of the intestate, the sum of $13,039.53; that the seven children of the intestate and the descendants of such of them as had

died (all of whom were named) were the sole owners of his estate; that certain of the heirs who were named had been paid by the administrator their entire interest in said sum of money, and that to certain of the heirs who were plaintiffs stated sums less than their entire interest therein had been paid, leaving unpaid the balance thereof, which they sued to recover; that the administrator had never made a final settlement, and his administration was still pending; that the administrator had never repudiated but still acknowledged his trust relation; that the records had been destroyed by fire; that there existed against the estate no claims of any kind except those represented by the plaintiffs, and that the administrator and the sureties upon his bond were and had long been insolvent.

The defendants, except William M. Nunn, demurred to the petition, because it showed that administration was still pending in the County Court and that there had never been made there a final exhibit of the condition of the estate. They answered, setting up substantially the following defenses:

1. A general denial.

2. The statute of limitations.

3. That the deed of trust was never delivered by Jane M. Nunn.

4. That Jane M. Nunn was induced to sign the deed of trust by means of false representations made to her by her husband, and undue influence exercised over her by him.

5. That the land embraced in the deed of trust was the separate property of the said Jane M. Nunn.

6. That at the date of the execution of the deed of trust the land was the homestead of the said William M. Nunn and his wife.

In response to special issues submitted to them by the court, the jury among other findings of fact returned the following:

"21. We the jury find that William M. Nunn, as administrator, is indebted to the plaintiffs in the following amounts: To the heirs of James E. Nunn, $1243.24; to the heirs of Robert S. Nunn, $3973.90; to the heirs of J. R. Nunn, Sr., $522.61; to Jennie P. Quarles, heir of G. P. Nunn, $1400.91.

"22. We find that William M. Nunn and his wife Jane M. Nunn did make, execute, and deliver said deed of trust.

"27. We find that William M. Nunn did not make false representations to defendants as to the amount that he owed plaintiffs.

"28. We find that William M. Nunn's administratorship of W. R. Nunn is still pending in the County Court of Hill County, Texas.

"29. We find that William M. Nunn has in his hands, as administrator, belonging to said estate, real estate to the value of about $5000.

"30. We find that there are no debts due other than those that are claimed by plaintiffs.

"34. We find that William M. Nunn and the sureties on his bond were insolvent 2d September, 1882, and are still insolvent.

"35. We find that the property described in the trust deed was not the property of Jane M. Nunn at the date of the execution of that instrument.

"36. We find that the deed made to Jane M. Nunn by William M. Nunn was to hinder and delay his creditors.

"41. We find that none of the land described in the trust deed was part of the homestead of William M. and Jane M. Nunn.

"43. We find that the claims of plaintiffs were not barred by either the two or the four years statute of limitations.

"44. We find that Jane M. Nunn was not influenced by any representations to execute the trust deed."

The court overruled all exceptions and rendered judgment upon the findings of fact in favor of plaintiffs against William M. Nunn for the several amounts of money ascertained by the findings, and against the other defendants for the foreclosure of the deed of trust.

There is nothing in the record tending to show whether or not the land conveyed by the deed of trust was acquired during the existence of the married relation between William M. and Jane Nunn.

The defendants read in evidence a deed for said land from William M. Nunn to his wife Jane M. Nunn, dated the 11th day of July, 1868, and purporting to be made in consideration of love and affection and $100. William M. Nunn testified that at the time of his execution of said deed he was indebted to the heirs of W. R. Nunn for the debts that the deed of trust was made to secure, and that he was then fearing litigation by said heirs. Except this deed there was no evidence tending to show that the land in controversy was the separate property of either of the spouses.

William M. Nunn did not answer in the District Court, and does not appear in this court.

It is contended that the court erred in overruling the defendants' demurrers, because plaintiffs' pleadings showed that the administration upon the estate of William R. Nunn was still pending, and did not show that the administrator had made a final report. And also that the court erred in rendering judgment upon the findings of the jury and decreeing a foreclosure of the trust deed and a sale thereunder, because the jury found that the administrator still had in his possession, belonging to the estate, land of the value of $5000.

We do not think that there was error in overruling the demurrers. It is true that the plaintiffs could have caused the destroyed records to be reinstated, and could have compelled the administrator to make a full and final exhibit of the condition of the estate, and the County Court could have ascertained the proportionate shares of the heirs and ordered payments to be made to such as were found to be entitled.

But then a resort to the District Court would have been necessary to foreclose the trust deed if the trustee had declined to act. The facts alleged amply justified a resort to the jurisdiction of the District Court in the first place. Hill v. Townsend, 24 Texas, 575.

We do not think that the special finding of the jury to the effect that the administrator still held in his possession real estate of the value of $5000 is supported by either the pleadings or the evidence. But if it was sustained by both, we are unable to conclude that it should affect the result. The suit was brought by the plaintiffs to recover their proportionate shares of an amount of money arising from the sales of property and collections. If in fact the administrator still holds such real estate, while it may still be subject to future proceedings and partition, it can not be held to deprive the parties of their right to recover and enjoy their shares of the other property of the estate.

It is contended that the court erred in admitting in evidence the deed of trust, as well as in giving and refusing charges with regard to it. The conditions of the deed are expressed in the following language:

"Now, if the said William M. Nunn, administrator of the estate of William R. Nunn, deceased, fail to meet all the obligations resting upon him as administrator of the estate of William R. Nunn, deceased—that is, fails to pay over the amount due the above named parties, who are legatees of said estate—then the above named Richard J. McKinney, trustee, is fully authorized and empowered to sell the above described tract of land, etc.; but if the said William M. Nunn shall faithfully meet and discharge all the indebtedness devolving on him as administrator of the estate of William R. Nunn, then the above obligation is to be void."

Among other things the appellants insist that the land embraced by the deed of trust was the separate property of Jane M. Nunn, and that they having pleaded under oath that she never delivered the deed, the burden of proof was upon the plaintiffs to prove such delivery. The deed was in the custody of the plaintiffs, and was produced and offered in evidence by them. But appellants contend that the entire evidence shows that the deed was signed and acknowledged by Mrs. Nunn during her last sickness, and that it remained in the hands of her husband and was not delivered by him until after her death.

Appellants also insist that there was error committed by the court in permitting plaintiffs to offer the evidence upon which the jury found the deed to Jane M. Nunn by her husband William M. Nunn was fraudulent and void, because they had filed no pleading raising that issue. This deed from her husband is the source of the claim of appellants that the land in controversy was the separate property of Jane M. Nunn. We think it is only in view of its being her separate property that the question about the delivery of the deed of trust becomes important. If the land was either the separate property of the husband

or the community property of himself and his wife, he had the right to mortgage it to secure plaintiffs' debt, both before and after his wife's death, and without regard to her concurrence, given either previously or at the time of his conveyance. The defendants alleged in general terms only that the land was the separate property of the wife. They did not state how her title was derived.

It was not necessary for the plaintiffs to reply to this pleading. Rev. Stats., art. 1197. Without a reply it was in issue, and the plaintiffs were entitled to offer in evidence any facts going to show that Mrs. Nunn did not own the property as alleged. If the defendants had alleged that the husband's deed was the source of his wife's title, then it would have been incumbent upon the plaintiffs to plead the facts that they relied upon to defeat its operation.

We think that the finding of the jury against the deed was sustained by the evidence, and that there were no material errors committed by the court in its rulings upon the issues connected with it. In the absence of any evidence as to when or how the land was acquired by William M. Nunn, and as it is shown that it was owned at the time of the dissolution of his marriage with Jane M. Nunn by the death of the latter, it must be treated as their community property. Rev. Stats., art. 2853. The plaintiffs alleged that it was community property. The finding of the jury that the land was not a part of the homestead is conclusive of that issue.

Wm. M. Nunn testified substantially that he was indebted to plaintiffs as charged in their petition. We do not think that the court erred in permitting him to testify. The record does not show at what precise date the money with which he was charged came into the possession of the administrator. We think it sufficiently appears that he had part of it as early as the year 1865, and all of it before the beginning of the year 1873. After his failure for so long a period to deliver it to the heirs or in any way to account for its use or disposition, we do not think that the plaintiffs in error should be heard to complain of the allowance of interest from the time when he received the money. The administrator did not object. The facts sustain the court in its refusal to give the charge requested upon that issue.

Appellants assign as error the refusal of the court to submit at their request special issues as follows: "1. How much of the proceeds of said estate were consumed in the payment of the debts, the same being necessary in order to determine the distributive shares of the heirs of said estate. 2. How much Confederate money was in the hands of said administrator as assets of said estate. 3. How much court costs and expenses of administration and commission were due the administrator."

The court had already submitted forty-eight issues, covering, we think, every fact necessary for it to know to enable it to render a proper judg-

Vol. LXXXII—4

ment.    The court must have some discretion in the submission of such issues, and can not be required to make every circumstance and detail of the controversy a distinct issue.    If the defendants deemed it material to do so they could have sufficiently guarded the points referred to in the assignment by requesting a proper charge.

In view of the whole case as made by the evidence we do not see any reason for believing that appellants were damaged by the action of the court complained of.

Appellants complain that the evidence did not support the amounts found for different plaintiffs, but it seems to us that it did, and it is not apparent to us that it would not have justified findings for even larger amounts.

Upon the issue of the statute of limitations, the court directed the jury that if the administration by William M. Nunn upon the estate of William R. Nunn was still pending when plaintiffs brought their suit they would not be barred.

We think the charge was correct.    Parish v. Alston, 65 Texas, 194; Main v. Brown, 72 Texas, 505; Hunter v. Hubbard, 26 Texas, 537.

The judgment is affirmed.

*Affirmed.*

Delivered October 30, 1891.