## WATERS-PIERCE OIL COMPANY v. STATE OF TEXAS

Decided October 25, 1907.

**1.—Receiver—Foreign Corporation—Permit to do Business—Forfeiture.**

The validity of the Act of April 11, 1907, authorizing the appointment of a receiver for the property of a foreign corporation on the recovery by the State of a judgment cancelling its permit to do business in Texas, sustained, following Waters-Pierce Oil Company v. State, 47 Texas Civ. App., 162.

**2.—Same.**

The appointment of a receiver for a foreign corporation whose permit to do business in the State has been cancelled by judgment of court is authorized under article 1465, subdivision 3, of the Revised Statutes, as analogous to the case of a dissolved corporation.

**3.—Same—Procedure—Judicial Notice.**

In proceeding for the appointment of a receiver of the property of a foreign corporation on motion following a judgment cancelling its permit to do business in the State, the trial court properly took judicial notice of the proceedings and judgment in the main case and was not required to act on evidence as to matters which had been therein determined.

**4.—Same—Statement of Facts.**

One prosecuting a separate appeal from an order appointing a receiver as the result of a judgment cancelling permit of a corporation to do business in the State can not complain that the appointment was not authorized by the established facts without a statement of facts showing on what the court acted. The record in the main case, of which the trial court took judicial notice, would be presumed to support his action in the absence of a showing to the contrary.

**5.—Receiver—Pleading—Motion.**

A motion by the State for the appointment of a receiver of the property of a defendant corporation after judgment cancelling its permit to do business, if it stated the facts necessary, constitutes a sufficient pleading to support the order of appointment. But it seems that the court could take such action on its own motion and without pleading invoking it. San Antonio Gas Co. v. State, 22 Texas Civ. App., 118.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*Clark & Bolinger, Cochran & Penn, D. A. Odell* and *N. A. Stedman* (*J. D. Johnson* and *N. S. Priest,* of counsel), for appellant.— An application for the appointment of a receiver, when not made in aid of a pending suit and before trial thereof, in order to confer jurisdiction upon the court, must be brought in the form of an independent suit and contain all allegations necessary in an original petition, setting up the rights of the plaintiff in particular property, describing same with sufficient certainty to enable the court to take cognizance of it and see that the value of the property as alleged is sufficient to confer jurisdiction upon the court. Revised Statutes, arts. 1177, 1181, 1191 and 1337; Hall v. Jackson, 3 Texas, 305; Nye v. Gribble, 70 Texas, 458; May v. Taylor, 22 Texas, 348; Mann v. Falcon, 25 Texas, 276; Bledsoe v. Wills, 22 Texas, 650; McConkey v. Henderson, 24 Texas, 212; Ex Parte Lange, 18 Wallace, 175; Townes' Pleading, pp. 18 to 20; Bailey on Jurisdiction, sec. 23; Pomeroy Eq. Remedies, sec. 118.

That a proceeding after judgment must be brought as a new suit: Munds v. Cassidey, 98 N. C., 558; Thayer v. Hart, 24 Fed. Rep., 558.

When appellant's appeal bond was approved and filed in an amount sufficient and conditioned in all respects as required by article 1404 of the Revised Statutes of the State of Texas, the legal effect of such bond was to supersede the judgment rendered against appellant on June 1, 1907, and to vacate from the date of its rendition all process and proceedings looking to the collection of the judgment, and all orders made upon the application of the State for the appointment of a receiver were thereby superseded and became null and void, and it was the duty of the court to vacate its said orders and dismiss the motion or application of the State for the appointment of a receiver. Revised Statutes, art. 1406; Texas Trunk Ry. v. Jackson Bros., 85 Texas, 605; State v. Johnson, 13 Fla., 33; Freeman on Executions, 3d Ed., sec. 32.

To deny to appellant the right to prosecute its appeal from the judgment rendered against it on June 1, 1907, and to supersede the execution of this judgment pending its appeal, under the same conditions and with the same effect allowed to other litigants under the laws of the State of Texas, is to deny to appellant the equal protection of the laws in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States. Texas Constitution, art. 1, sec. 13; Dillingham v. Putnam, 14 S. W. Rep., 303; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150; In re Converse, 137 U. S., 624; Cotting v. Kansas City Stock Yards, 183 U. S., 79.

The said Act of the Legislature of the State of Texas, approved April 11, 1907, is unconstitutional, null and void, in so far as it attempts to create a lien upon appellant's property for the alleged violation of the anti-trust laws of said State, in that the lien is not created by the terms of the Act based alone upon the commission of the offense, but is left to be created by the action of the prosecuting

officer in filing suit to recover the prescribed penalties. Marshall Field & Co. v. Clark, 143 U. S., 649; St. Louis Consolidated Coal Co. v. Illinois, 185 U. S., 203.

The recovery of penalties against appellant by the judgment of June 1, 1907, being predicated upon the anti-trust laws of the State of Texas of 1899 and 1903 and in a suit instituted prior to the passage of the Act of April 11, 1907, it was not competent for the Legislature of the State of Texas to pass the said Act of April 11, 1907, and thereby increase the punishment provided in the former laws by creating a lien upon appellant's property in violation of section 10 of article 1 of the Constitution of the United States, which denies to any State the right to pass an *ex post facto* law. Calder v. Bull, 3 Dall., 386; Fletcher v. Peck, 6 Cranch., 138; Cummings v. Missouri, 71 U. S., 277; Ex Parte Garland, 71 U. S., 333; Wilson v. Ohio Ry., 64 Ill., 542.

The act of the court in appointing a receiver and depriving appellant of the use of its property results in depriving appellant of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States. Chicago, B. & Q. Ry. Co. v. Chicago, 166 U. S., 266; Davidson v. New Orleans, 96 U. S., 97.

*R. V. Davidson,* Attorney-General, *Jewel P. Lightfoot,* Assistant, *John W. Brady,* County Attorney, *Gregory & Batts* and *Allen & Hart,* for appellee.—Under the facts of this case, the State of Texas had the legal right to invoke the jurisdiction of the court to appoint a receiver of appellant's property and business in the manner and at the time that it did so; and no error was committed, therefore, in overruling appellee's general demurrer to the motion of the State praying for the appointment of a receiver for said purpose. Revised Statutes, art. 1465; General Laws, Thirtieth Leg., pp. 175, 16, 34, 194, 221, 322; Hawood v. Lincon Lumber Co., 64 Wis., 645; Central Appalachian Co. v. Buchanan, 90 Fed. Rep., 454; Ex Parte Walker, 25 Ala., 81; Ellis v. Boston R. R. Co., 107 Mass., 28.

If the Act of April 11, 1907, be null and void as counsel for appellant say that it is in this assignment, "in so far as it attempts to create a lien upon appellant's property for alleged violation of the anti-trust laws of Texas," this furnishes no reason why the order of the trial court appointing the receiver should be reversed, because the Act in an independent provision authorizes the appointment of a receiver for other purposes than in aid of the collection of the judgment for money and in preservation of the lien. Act of April 11, 1907, pp. 175 and 176, Acts First Regular Session, Thirtieth Legislature; Marshall Field & Co. v. Clark, 143 U. S., 649.

Those portions of the Act of April 11, 1907, which create a lien upon appellant's property for violations of law committed by appellant before the Act took effect, and those portions thereof authorizing in certain contingencies, the appointment of receivers are in no sense criminal laws, or intended as a punishment for any one, and relate alone to procedure in a civil cause. The Act is, therefore, not an *ex post facto* law within the meaning of the con-

stitutional provision invoked by appellant under its seventh, eighth, twelfth or thirteenth assignments of error. Am. & Eng. Enc. of Law, vol. 12, Title Ex. Post Facto Laws, pp. 525-535.

The State in the exercise of its police power, and the exercise of its visitatorial powers over corporations, has the right to prescribe any mode of procedure which is reasonably necessary to render effective its laws regulating the manner in which the business of such corporations shall be conducted; and the mode of procedure prescribed by law for such purpose is not subject to any constitutional objection if it applies alike to all corporations, is reasonably necessary to effectuate the purposes intended, and is reasonably calculated to the attaining of that end. Waters-Pierce Oil Co. v. State, 19 Texas Civ. App., 1; Gulf, C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150.

Where the State has sued a foreign corporation for forfeiture of its permit to do business in Texas and for the recovery of fines because of alleged violations of the anti-trust laws, and has procured in said case the appointment of a receiver, and such corporation, after judgment against it appeals both branches of the case to this court, bringing up separate records, this court is entitled to consider the evidence in either record for the purpose of ascertaining whether or not the appointment of the receiver was warranted by the evidence.

FISHER, CHIEF JUSTICE.—This is an appeal by the appellant from an order entered by the trial court appointing a receiver for the properties of the appellant company situated within the State of Texas. The history of the proceeding and the subject matter of controversy and the result reached by the trial court is fully explained and set out in the opinion of this court handed down in this case on June 28, 1907. There is also set out in that opinion the Act of the Legislature of April 11, 1907, which we there construed and held to authorize the course pursued by the trial court, which is objected to in the appeal we are now considering. It is unnecessary for us to recapitulate what was stated in the opinion referred to. We there, in effect, held that the Act of the Legislature referred to was constitutional, which ruling, after further consideration, we adhere to. The Act in question clearly authorized the procedure pursued by the trial court, and the spirit, meaning and purpose of the Act authorized the court, upon dissolution of the permit to do business within this State of the appellant's company at the instance of the suit by the State, to appoint a receiver for its properties within its jurisdiction. The reason for this conclusion we undertook to state in the opinion referred to, which agrees with the conclusion of the trial judge, as stated in the bill of exception which is a part of the record in this case.

Independent of the power conferred by the Act of the Legislature reviewed, we are of the opinion that the court had the authority to appoint a receiver by virtue of subdivision of article 1465, Sayles Civil Statutes. That subdivision is to the effect that a receiver may be appointed where a corporation is dissolved or is insolvent or in imminent danger of insolvency, or has forfeited its corporate rights.

The corporate right of the appellant company to do business within this State was by virtue of a permit that had been granted to it by the State, and when an action is brought by the State to cancel and dissolve that permit, it is a proceeding which in our opinion comes within, if not the exact letter, the spirit and meaning of that part of the subdivision of the statute which relates to the forfeiture of the corporate rights of the corporation.

It is contended by the appellant that in the appointment of the receiver the trial court proceeded without pleading and evidence. The record and proceedings brought to this court by the appellant for our review contains no statement of facts, but there is a bill of exception which was approved by the court, in which it is stated that the court, in passing upon the question of the appointment of the receiver, took judicial notice of the facts exhibited in the main case upon which the receivership is predicated, and of the judgment and decree rendered in that case, wherein it appears from the record in this case the judgment against the appellant was for a large sum, and also forfeiting its permit to carry on and conduct its business within this State. That branch of the case in which the receiver was appointed is merely an arm of the main case, and is incidental to that proceeding. Both of the statutes quoted and mentioned authorize and empower, if they do not expressly direct, the trial court to appoint a receiver when the State obtains its judgment canceling the permit. And there is another provision of the Act of 1907 which authorized a receiver to be appointed when the interests of the State might require it to be done. In view of these statutes it is folly to say that the trial court must lose sight of the main controversy when he undertakes to appoint a receiver; that before that jurisdiction can be exercised he must again rehear and review the facts that were established in the original case upon which the receivership depends, and we are of the opinion that the court was correct in the conclusion that it could take judicial knowledge of the facts established in the main case and the judgment based thereon. The appellant has seen fit to perfect a separate appeal from the order appointing a receiver, and it has no statement of facts in the record showing that the facts which the court took judicial knowledge of did not exist and were not sufficient to authorize the action of the court in making the appointment. The effect of the action of the court was to hold that the facts that he took judicial knowledge of were sufficient to authorize and justify the appointment. The record here shows that the State has actually recovered a judgment for penalties and for cancellation of the permit to do business. The presumption will be indulged in favor of the action of the trial court, and no fact appearing in the record brought up here by the appellant which would negative and destroy the force of this presumption, we must hold that we have in this record facts sufficient to justify the judgment below.

It is contended by the appellant not only that the facts are not sufficient, which contention we have just disposed of, but that the appointment was made by the court without being predicated upon any pleading in the nature of a petition or bill by the State asking

for and showing grounds for the appointment of a receiver. The document filed by the State upon which the court acted in making the appointment, we construe to be of the nature of a pleading. It is addressed to the court and states facts under the statutes discussed that would authorize the court to appoint a receiver. A general demurrer was interposed, it seems, to this application and was overruled. It states grounds and reasons why the court should make the appointment, and some of these reasons stated are of the nature embraced in the statutes upon which a court may act in making the appointment. But however, if it could be held that the application of the State could not be regarded as a petition or a bill or something in the nature of a pleading requesting the appointment of a receiver, or if an instrument of this character but fatally defective, then the question in the case of forfeiture of the franchise or permit and the power of the court to appoint a receiver is set at rest by the case of San Antonio Gas Co. v. The State, 22 Texas Civ. App., 118. It is there, in effect, held that where there is a judgment forfeiting the corporate rights the court can, independent of the request of any one, exercise his judicial discretion as to whether he will or will not appoint a receiver. It is unnecessary to repeat what the court in that opinion says upon the subject. The proposition is forcibly discussed and the ruling is squarely to the effect that the court can, without request, make the appointment in such a case.

As said before, we find no constitutional objection to the statutes under which the court acted in making the appointment. What we have said is all that we think necessary to be said in disposing of this appeal.

*Affirmed.*

Writ of error refused.