## CRAWFORD v. CRAWFORD.

(Court of Civil Appeals of Texas. Texarkana. Dec. 18, 1913.)

1. RECEIVERS (§ 5*)—PENDENCY OF ACTION.

Where, though plaintiff's petition in divorce had been dismissed when the court appointed a receiver, and defendant had withdrawn his answer, in so far as it prayed for a divorce, by way of cross-action, only leaving that part which prayed for a division of the property, plaintiff's reply to the answer, in which she renewed her prayer for a divorce, was still before the court, and it could not be said that there was no suit pending when the receiver was appointed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 5–11; Dec. Dig. § 5.*]

2. RECEIVERS (§ 30*)—APPOINTMENT—NECESSITY OF APPLICATION.

A receiver may be appointed on the court's own motion without an application therefor.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 43; Dec. Dig. § 30.*]

3. RECEIVERS (§ 48*)—APPOINTMENT—"PERSON INTERESTED."

The sheriff was not a "person interested" within Rev. Civ. St. 1911, art. 2129, so as to prevent his appointment as a receiver in a divorce action.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 73–76; Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 6, p. 5336.]

Appeal from District Court, Panola County; W. C. Burford, Judge.

Action by Mrs. A. M. Crawford against T. T. Crawford, in which defendant filed a cross-bill. From an order overruling defendant's motion to set aside a judgment, in so far as it appointed the sheriff as receiver, defendant appeals. Affirmed.

H. N. Nelson, of Carthage, for appellant. Brooke & Woolworth, of Carthage, for appellee.

WILLSON, C. J. Appellee, appellant's wife, sued him for a divorce. She also sought a partition of property which, she alleged, belonged to the community estate between them, and an allowance for her support, and the payment of the expenses of her suit, and an injunction restraining appellant from disposing of any of said property. In his answer appellant denied that the property in question belonged to said community estate, and, on allegations he made charging appellee with misconduct, prayed that a divorce be granted to him. Replying to this answer, appellee denied the truth of the charges therein made against her, asserted they were sufficient as grounds for the divorce she sought, and renewed her prayer for that relief. The disposition made of the case in the court below is shown by a judgment in part as follows: "A jury being waived, the matters of law as well as of fact were submitted to the court, and after the pleadings were read, and the plaintiff sworn and placed upon the witness stand, testified that she had lived in Panola county up to the time her husband left her on the 23d day of June, 1913, but that she had on that date returned to the home of her father across the line in Shelby county, where she had been constantly since. And it appearing that the plaintiff's original petition was filed on the 22d day of July, 1913, the court thereupon dismissed plaintiff's suit for want of jurisdiction. Defendant, T. T. Crawford, had filed a cross-bill theretofore in said court, asking that divorce be granted him, and thereupon the plaintiff asked leave to file an answer to said answer and cross-bill of defendant, which request was granted, and the plaintiff filed same, and thereupon the defendant asked leave to withdraw all of his said answer and cross-bill except that portion asking for a division of the property. And it appearing to the court that defendant was a bona fide inhabitant of the state of Texas, and had actually resided in Panola county, Texas, for more than six months next preceding the filing of this suit, the court thereupon heard evidence as to the merits of said cause; and it appearing to the court from the said evidence that Mrs. M. A. Crawford was pregnant, and it further appearing that she had no property of any kind whatever in her own separate right to support, and maintain, and to provide for her confinement, the court thereupon continued the said cause for divorce until the next term of this court, and by his order appointed W. D. Anderson, sheriff of Panola county, Texas, as receiver to take possession of the hereinafter described property, which the court found was the community property of the plaintiff and defendant and the separate property of the defendant," etc.

This appeal is from an order overruling appellant's motion to set aside said judgment, in so far as it provided for the appointment of a receiver, and, if not so far, then in so far as it named the sheriff as such receiver.

[1] In support of the contention made here, that the court below was without authority to appoint a receiver, appellant asserts that, at the time the order providing for such an appointment was made, there was no suit pending before the court. The assertion is contradicted by the record, as we understand it. While it is true the court had dismissed appellee's petition, and appellant had withdrawn his answer, in so far as it was for a divorce, appellee's reply to that answer, in

which she renewed her prayer for a divorce, was before the court. When appellee's suit as originally commenced was dismissed, she remained before the court as the defendant in the cross-action set up by appellant in his answer. The withdrawal by appellant of that answer, in so far as it prayed for a divorce from appellee, did not deprive her of a right to be heard on her prayer for a divorce on the grounds set up in her reply to said answer. Charlton v. Charlton, 141 S. W. 290; Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056; Bradford v. Hamilton, 7 Tex. 55.

[2] Neither of the parties to the suit had asked for the appointment of a receiver, and appellant insists that for that reason the court was without authority to appoint one. But it seems to be fairly well settled that in a proper case a court has power, without an application therefor, and upon its own motion, to appoint a receiver. Gray v. Town of Newark, 9 Del. Ch. 171, 79 Atl. 735, 739; McGarrah v. Bank, 117 Ga. 556, 43 S. E. 987; Elk Fork Oil & Gas Co. v. Foster, 99 Fed. 495, 39 C. C. A. 615; Waters-Pierce Oil Co. v. State, 47 Tex. Civ. App. 299, 105 S. W. 851. That the suit, if one was pending in the court below, as we have determined was true, was a proper one in which to appoint a receiver is not questioned on this appeal. The power conferred upon a trial court in a divorce case is a broad one; the statute declaring that "pending any suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable." Article 4639, R. S. 1911.

[3] The remaining contention is that the sheriff, because an interested party, was not eligible to appointment as receiver. The prohibition in the statute is against the appointment as receiver of "any person interested in any way in an action for the appointment of a receiver." Article 2129, R. S. 1911. We think it cannot be said that the sheriff was interested, within the meaning of the statute, in the suit pending before the court. The inhibition of the statute, we think, is against persons interested in the subject-matter of the litigation or results sought to be attained thereby. It is common practice in some jurisdictions to appoint the clerk of the court receiver, and a sheriff has been held not to be ineligible to appointment. 23 A. & E. Enc. Law, pp. 1034 and 1035.

The judgment is affirmed.