SCALES v. GRASSMAN et ux.   (No. 8571.)

(Court of Civil Appeals of Texas.   April 14, 1924.)

On motion for rehearing.   Denied.

For former opinion, see 261 S. W. 220.

LANE, J.   Appellant has filed his motion for rehearing and most earnestly and vigorously contends that we erred (1) in holding that the trial (district) court had jurisdiction to appoint the receiver while the appeal from the judgment in the main suit was pending, and (2) that the receiver could be appointed without notice to appellant.

While we think the first contention is sufficiently answered by what is said in our original opinion, out of deference to the earnest insistence that we erred in holding that the trial court had jurisdiction to appoint the receiver pending the appeal, we still, in addition to the authorities already cited, cite the able opinion of Chief Justice McClendon, of the Austin court, in the case of United North & South Oil Co. v. Meredith, 258 S. W. 550, wherein it is said:

"That an application for receiver does not alone constitute a cause of action and cannot be maintained in the absence of some cause of action against the defendant asserted either in the application itself or in the suit to which it is ancillary is too well settled to require discussion. If, therefore, appellant's contention that all the rights of appellees brought in con-

troversy in the main suit were finally adjudicated by the judgment in that suit were correct, then it would follow that the trial court had no power to entertain the application. But such is not the case.

"It may be that if the decree were final as settling the respective interests of the parties in the minerals, and ordering them partitioned in kind, a receiver would not be necessary to safeguard the interests of appellees pending the partition of the mineral rights. But the decree was not final as an adjudication of the mineral rights. In this state 'a proceeding to review a judgment either by appeal or writ of error "is but the continuation of the action in suit brought in the trial court."' The judgment thus appealed from is deprived of that finality necessary to make it admissible in evidence, or the basis of a plea in bar in support of the right or defense declared by it so long as there is an appeal pending. And this is true whether the appeal is prosecuted under supersedeas or cost bond. Ry. v. Jackson, 85 Tex. 605, 22 S. W. 1030; Faulk v. Sanderson, 89 Tex. 692, 36 S. W. 403; Grocery Co. v. Ry., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353; McDonald v. Ayres (Tex. Com. App.) 242 S. W. 192; Oil Co. v. McCarthy (Tex. Com. App.) 245 S. W. 651. This question is fully discussed in the last case cited. It necessarily follows that so long as there is an appeal pending the controversy in the suit which is carried forward into the appeal is a cause of action pending, and the same right to a receiver, to protect the property in litigation, exists after judgment, and pending the appeal, as existed before judgment and pending the trial. This exact question was involved in Waters-Pierce Oil Co. v. State, 47 Tex. Civ. App. 299, 105 S. W. 851 (writ of error refused), wherein an order had been made appointing a receiver of the property of the oil company after judgment and pending appeal upon supersedeas bond; this court holding in that case that the rights of the state under a judgment for penalties and forfeiture of permit to do business in Texas on account of violation of the anti-trust laws were not fully protected by a supersedeas bond securing the payment of the money judgment. See, also, Stone v. Stone (Tex. Civ. App.) 43 S. W. 567; Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 124; High on Receivers, § 110; Tardy's Smith on Receivers. § 823."

As it has been held in the cases heretofore cited that the appeal in the main suit is but a continuation of the action brought in the trial court, and that the suit is a pending suit, and as it has also been held, as shown in the original opinion, that a receiver should be appointed to take charge of property involved in a pending suit, when it is made to appear to the trial court that without such appointment such property would suffer material injury or damage, so as to preserve the res and rights of the parties, whether there is a prayer for the appointment of a receiver or not (R. C. L. § 36, p. 37), we deem it unnecessary to further discuss the second contention.

The motion for rehearing is refused.