**O'DELL et al. v. GRUBSTAKE INV. ASS'N.**

No. 8514.

Court of Civil Appeals of Texas. San Antonio.

Jan. 7, 1931.

Rehearing Overruled April 29, 1931.

M. A. Childers and J. B. Lewright, both of San Antonio, for appellants.

Douglas & Black, of San Antonio, for appellee.

COBBS, J.

R. M. Lowe, a stockholder in the Grubstake Investment Association, brought this suit in the Seventy-Third district court of Bexar county, for a dissolution of said partnership, and for a receiver for said partnership pending the assembling of its assets, the payment of its debts, etc.

On July 16, 1928, Ira O'Dell, another stockholder, intervened and joined R. M. Lowe as plaintiff.

Trial was had on the application for receiver August 20, 1928, before the Honorable Robert W. B. Terrell, who was then presiding judge of the Seventy-Third district court, and a receiver was appointed.

The receiver served from August 20, 1928, to February 19, 1930. On June 28, 1929, E. G. Eberle, and several other stockholders, intervened as plaintiffs, adopting all of the pleadings of the original plaintiff, R. M. Lowe.

On February 15, 1930, the receivership proceedings were dissolved by Hon. F. Stevens, who had succeeded the Honorable Robert W. B. Terrell as trial judge of said court.

The original plaintiff, R. M. Lowe, having withdrawn as plaintiff, on February 24, 1930, E. G. Eberle et al., interveners, filed a motion to reinstate said receivership proceedings and appoint a new receiver.

This motion was consolidated with the trial on the merits for dissolution, and on April 4, 1930, judgment was entered denying interveners the right to dissolve the partnership and denying a receivership.

After hearing the case on its merits, the court, as stated, denied the motion to dissolve, and denied the appointment of a receiver. The reasons of the court are given in his findings of fact and conclusions of law which we copy as follows:

"1. I find the history of the case to be as outlined in the decree herein.

"2. I find that Grubstake Investment Association was organized and is operated under a Declaration of Trust and accordingly that it is a joint stock association, with its shareholders having the responsibility of partners as to third persons.

"3. As to the alleged fraudulent representations to certain shareholders that there would be no personal liability attached to them upon becoming shareholders in the Grubstake Investment Association, I find that there is no testimony that any shareholder was actuated or induced by said representations to become members of said association. In that connection, I find that it was generally understood by the shareholders forming said Grubstake Investment Association and also represented to some of them by the promotors that there would be no personal liability attached to them as such shareholders. It is a matter now of judicial history that personal liability does attach to shareholders in such organizations.

"4. I find that the Association, pending the receivership, has adjusted the large claims against it, and that no liquidated claim is pressing the said Association. Accordingly, I find that the Association is not insolvent.

"5. I find that there is no condition threatening loss or injury to the property of the Association.

· "6. I find that there are no circumstances justifying or requiring the appointment of a receiver herein.

"7. I find that there are no facts in evidence warranting a dissolution of the Association by the Court.

## "Conclusions of Law.

"1. I conclude that as the only cause of action upon which the receivership herein is sought consists of allegations intended to obtain the dissolution of the Grubstake Investment Association, that said allegations are not supported by the facts as hereinabove found, and furthermore that said allegations, if true, would not justify the dissolution of the Association against the expressed provisions of its Declaration of Trust to the contrary.

"2. I conclude that the allegations of misrepresentation as to the ownership of the Cox lease, if true, would not justify a dissolution of the Association, but would give rise to an action for damages by the injured persons.

"F. Stevens, Judge."

■ We think the findings of fact are well supported by the evidence and therefore adopt them. Of course every one knows that no receivership should be dissolved as long as there are debts outstanding to be paid, but here the court has found there are no debts outstanding to be paid, and we shall not disturb that finding. Neither do we believe this is a case for the dissolution of the partnership.

This association was organized under a declaration of trust that gave a period of twenty years to run. Of course as to third persons there was a legal responsibility, but the court has found that the association is not insolvent and therefore not necessary to be dissolved and wound up.

Believing that the trial court has made a legal and fair disposition of the case, the judgment is affirmed.

## On Motion for Rehearing.

### SMITH, J.

■ In 1919 appellants and others organized a so-called "common-law trust" for the purpose of engaging in the oil business. By the terms of this trust agreement the complete and exclusive control and management of the business was vested in three trustees and their successors in that office, so that the individual shareholders were denied any voice in such management and control. The whole structure of the agreement was built upon and permeated with the stipulation that in no event should the individual shareholders in the trust become liable for the debts or acts of the trustees in behalf of the association, and that in no event should the association assume the character of a partnership,

or be regarded as a partnership for any purpose. Since the organization of the association and the execution of the trust agreement, however, it has been definitely decided by the courts of this state that as to third parties a trust agreement of this character constitutes a partnership, in which the shareholders are in fact individually liable for the debts and acts of the association and its trustees. The trust agreement here in question has been so construed by this court (Stephenson v. Kirkham, 297 S. W. 265, writ denied), as well as by the trial court.

This suit was instituted by some of the shareholders in the association, to require an accounting from the trustees, for dissolution and winding up the affairs of the association, and the appointment of a receiver of the properties of the association to accomplish the end sought. This relief was denied in toto, and Ira O'Dell and other complaining shareholders have appealed.

The record of this litigation discloses bitter discord between some of the partners in the concern, as well as distrust of the managing trustee, which a jury in a former trial found to be well founded. The record also shows that a large number of suits are pending against the association, and that the association owes numerous debts, although the trial court found it had "adjusted the large claims against it, and that no liquidated claim is pressing it at this time."

The trial court further found that "it was generally understood by the shareholders * * * and also represented to some of them by the promoters that there would be no personal liability attached to them as such shareholders," but that "there is no testimony that any shareholder was actuated or induced by said representations to become members of said association."

It is perfectly obvious that all the shareholders executed the trust agreement in the mistaken and controlling belief that the stipulation against the creation of partnership relations or of individual liability of the shareholders for the debts or acts of the association or of the trustees in its behalf would be valid in law, and would effectuate such exemption. The law has intervened to eliminate that stipulation from the contract, under the remaining provisions of which, if enforceable, the managing trustee may proceed at will during the next eight years to bind all the shareholders, individually, and as unwilling partners, to personal liability for any debt he may see fit to incur, or any act he may perform, in the name of the association. Such a contingency was never contemplated by the parties, whose minds never met in agreement upon the contract as now construed by the courts and insisted upon by appellee, whereby the parties are deprived of the very protection in consideration of which

they entered into the agreement actually made. The law having thus emasculated the contract, nullified material and controlling provisions which permeate the entire agreement, destroyed the consideration moving the parties to execute it, and rendered its remaining provisions palpably unconscionable, equity should intervene to terminate the agreement in its entirety and relieve the parties of the unconscionable burdens imposed upon them by the remaining provisions. We conclude that the record presents a case entitling appellants to cancellation of the contract, dissolution of the partnership created by the contract, to an accounting from the trustees, and to a receiver for the purpose of winding up the affairs of the association.

Appellants' motion for rehearing is granted, and the judgment will be reversed, and the cause remanded for further proceedings in consonance with this opinion.

FLY, C. J.

I concur in the foregoing decision.