**GENERAL ASSOCIATION OF DAVIDIAN
SEVENTH DAY ADVENTISTS,
INC., Appellants,**

**v.**

**GENERAL ASSOCIATION OF DAVIDIAN
SEVENTH DAY ADVENTISTS
et al., Appellees.**

No. 4533.

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1966.

Rehearings Denied Nov. 23, 1966.

Charles E. Wallace, Carl Anderson, Waco, for appellants.

David Kultgen, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment impressing a trust on assets and properties of the defunct General Association of Davidian Seventh Day Adventists, in favor of all persons living on March 11, 1962, who had contributed to the "Second Tithe" fund of such association. The judgment appointed Tom Street receiver of the properties; and required him to sell and liquidate the property subject to approval of the Court.

Plaintiff General Association of Seventh Day Adventists, *Inc.* brought this suit against the General Association of Seventh Day Adventists and Tom Street, Trustee, to set aside a trust agreement conveying all assets of the General Association of Davidian Seventh Day Adventists to Tom Street, Trustee, for sale and distribution to named members; and for title and possession of such assets. Plaintiff alleged the General Association of Davidian Seventh Day Adventists was a defunct church; that on March 11, 1962 a resolution was passed by a portion of its membership dissolving the organization and appointing Tom Street, Trustee, of all assets for sale and specified distribution. Plaintiff asserted the conveyance to Street of the properties for distribution unlawful, and that it was the rightful successor to defendant association's properties.

Defendants General Association of Davidian Seventh Day Adventists and Tom Street answered, alleging that the association was a religious denomination which was dissolved by resolution of its members on March 11, 1962; that prior to dissolution it conveyed the assets of the association to Tom Street, Trustee, for sale and distribution to named members; and prayed for declaratory judgment confirming the dissolution of the association, and of the conveyance of the assets to the Trustee.

The Davidian Seventh Day Adventist Association (composed of some former members of the old association) intervened, alleging that members of the old association had contributed moneys to a fund called the "Second Tithe" which funds were represented to be for the purpose of taking care of contributors in old age. Intervenors prayed that they be declared owners of the assets of the defunct association, and alternatively that such assets be impressed with a trust in favor of persons who had contributed to such "Second Tithe."

The General Association of Davidian Seventh Day Adventists was established about 1930 under the leadership of a Brother Houteff. From a small beginning the association grew to some 1000 members. The members paid a "First Tithe" which was for the spread of the gospel; and many members paid a "Second Tithe" which was for the purpose of their being cared for in old age. Brother Houteff died; Mrs. Houteff was appointed Vice President of the association, and in early 1962 sent no-

tices calling a meeting of the association to be convened on March 11, 1962. At the March 11, 1962 meeting, dissolution of the association was voted by those present, purporting to act for the association. The group who voted the dissolution conveyed the properties and assets of the association to Tom Street as Trustee for named members of the association. Plaintiff filed this suit to set aside the trust, and to acquire the assets of the defunct association.

Trial was to a jury which found:

1, 2) The General Association of Seventh Day Adventists is a defunct church; which may not be revived in a reasonable time.

3, 4) The General Association of Seventh Day Adventists, *Inc.* is a church of like faith as the defunct group; and is a successor organization of the defunct group.

5, 6) The *Davidian Seventh Day Adventists Association* is a church of like faith as the defunct group; and is a *successor organization* of the defunct group.

7) The Executive Council of the old association had authority to appoint Mrs. Houteff Vice President of the old association.

8) Notices of the Session of March 11, 1962 were not sent to all members entitled to receive them.

9) Proxy votes used in the March 11, 1962 session were not actually received.

10) Contributors to the Second Tithe were induced to make such contributions by representations as to the purposes for which such Tithe was to be used.

11) Contributors relied on such representations.

12) Contributors to the "Second Tithe" would not have contribut-

ed if they had not relied on such representations.

13) The assets and property here involved were purchased with "Second Tithe" funds.

14) The defunct association represented it would hold the assets in trust for the use and benefit of the contributors.

16) There was not a majority of the membership of the defunct association either present or by proxy voting for the resolution on March 11, 1962.

17, 20) Plaintiffs and Intervenors did not wait an unreasonable length of time before bringing this suit, after discovering the assets of the defunct association had been transferred to Tom Street, Trustee.

19) It was not the understanding of the members of Intervenor Association that a contributor had to remain a member of the (defunct) association in order to participate in benefits of the "Second Tithe."

22) A majority of those present in person at the meeting of March 11, 1962 voted for the resolution to dissolve.

23) A majority of those present in person or by proxy at the meeting of March 11, 1962 voted for the resolution to dissolve.

The trial court entered judgment that the General Association of Davidian Seventh Day Adventists was owner of the properties involved; was a defunct church; that such properties were acquired with funds contributed to the "Second Tithe"; that such funds were not for general church purposes but were for the caring for contributors in old age; that plaintiffs and intervenors are not entitled to the funds; that

the resolution transferring the properties to Tom Street, Trustee, was ineffective to modify the rights of the parties; that such assets are impressed with a trust of which all contributors who were living on March 11, 1962 are beneficiaries; that defendant association being defunct, is no longer qualified to act as trustee; that it will not be revived within a reasonable time; that the appointment of a Receiver is required to take care of those being cared for at the time the old association became defunct, and to pay bequeathment certificates.

The Court further decreed all persons living on March 11, 1962 who had contributed to the "Second Tithe" beneficiaries of the trust; required the Receiver to file inventory of the properties; a list of "Second Tithers" to the best of his ability; to file bond and oath; and further ordered Receiver reimbursed for his expenses and compensated for his services.

Plaintiff appeals on 15 points, contending:

1) There is no evidence, or insufficient evidence, to support the jury's finding (Issue 13) that the assets were purchased with "Second Tithe" funds; and the undisputed evidence is that the assets and properties were purchased from a common fund which included both "First Tithe" and "Second Tithe" funds.

2) The trial court erred in overruling its motion for judgment appointing plaintiff Receiver to take charge of all assets of the defunct association.

3) The trial court erred in failing to apply the doctrine of cy pres.

4) The trial court erred in permitting the trust to fail for want of a trustee.

5) There were no pleadings and no evidence to support the judgment.

6) The trial court erred in appointing a receiver not qualified under Article 2294.

7) The judgment is void because Article 4412a, V.A.T.S. requires the Attorney General to be a party to suits pertaining to a charitable trust.

Contention 1 complains of the jury's finding that the properties here involved were purchased with "Second Tithe" funds; and asserts the evidence undisputed that such were purchased from a common fund which included "First Tithe" and "Second Tithe" funds.

██ "First Tithe" funds were funds which had been contributed for gospel work. "Second Tithe" funds were funds which had been contributed by the members of the association for the purpose of the association caring for the contributors in their old age. Plaintiffs concede in their brief that "Second Tithe" funds were subject to a trust. While there is evidence that the assets and properties here involved were purchased with "Second Tithe" funds, if such properties were purchased with commingled "First" and "Second" Tithe funds, the cestui's right of recovery is not destroyed by reason of the fact the Trustee commingled the trust property with its own property. The entire commingled fund or property will be treated as subject to the trust. Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493. And if the Trustee invests the trust fund or its proceeds in other property, the cestui que trust may follow the fund into the new investment. Kennedy v. Baker, 59 Tex. 150. And where the Trustee mingles the trust money with his own, whenever he pays out * * * he is presumed to have paid out with his own money. Continental Nat. Bank v. Weems, 69 Tex. 489, 6 S.W. 802.

██ Under the authorities cited, the beneficiaries are entitled to follow the trust funds into the assets and properties here involved.

■ Plaintiff's 2nd contention is that the trial court erred in not appointing it to take charge of all assets of the defunct association under Articles 2293 et seq., Vernon's Ann.Tex.St. These statutes concern the administration of properties belonging to defunct churches. The property which we are concerned with is property subject to a trust in favor of "Second Tithe" contributors; and Articles 2293 et seq., V.A.T.S. are inapplicable.

■ Plaintiff's 3rd contention is that the trial court erred in not applying the cy pres doctrine. The cy pres doctrine applies to a charitable trust, and has no application here. This trust is not charitable. This is a trust, the assets of which were to give old age protection to the contributors.

■ Plaintiff's 4th contention is that the trial court erred in permitting the trust to fail for want of a trustee. The trial court did not permit the trust to fail for want of a trustee. When the association became defunct and broke up, the accomplishment of the trust became impossible. (Plaintiff has only 6 members; intervenors but few more; some 8 groups claim to be successors to the old association). If the purposes of a valid trust, as here, become impossible of accomplishment, the trust will be terminated. Restatement of Trusts, Sec. 335; Scott Trusts, Sec. 335.

■ Plaintiff's 5th contention is there are no pleadings and no evidence to support the judgment. Intervenor's pleadings and the evidence support the judgment. And where a trust fails, the appointment of a Receiver to take charge of and dispose of the trust corpus is proper. Bogert, Trusts & Trustees, Secs. 14 and 861; O'Dell v. Grubstake Inv. Ass'n, Tex.Civ.App., Er. Dis., 38 S.W.2d 151; Crawford v. Crawford, Tex.Civ.App. (nwh), 163 S.W. 115; Hunt v. State, Tex.Civ.App. (nwh), 48 S.W.2d 466.

■ Plaintiff's 6th · contention is that Article 2294 precludes the appointment of Tom Street as Receiver. Tom Street was not a party, an attorney in the case, or otherwise a person interested in an action for the appointment of a receiver, as precluded by Article 2294.

 Contention 7 complains that the judgment is void because Article 4412a, V.A.T.S., requires the Attorney General to be a party to suits pertaining to a charitable trust. The "Second Tithe" trust is not a charitable trust, and Article 4412a is inapplicable.

Defendants, by counter-point, assert the trial court erred in not confirming title to the property in Tom Street as Trustee.

Plaintiff's points, (and defendants' counter-point) are overruled.

Affirmed.