Georgia BATMANIS, Appellant,

v.

Elizabeth BATMANIS, Appellee.

No. B2331.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1980.

Rehearing Denied May 21, 1980.

Don E. Kilpatrick, Houston, for appellant.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, John J. Toomey, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

COULSON, Justice.

The suit made the basis of this appeal was one to determine the community interest of a widow, Georgia Batmanis (appellant or Mrs. Batmanis), after she had filed her election to take against the will of her deceased husband, Paul Batmanis. Appellee, the respondent below, is Dr. Elizabeth Batmanis, independent executrix of the estate of Paul Batmanis and his daughter born of his first marriage. Paul and Georgia Batmanis had each been previously widowed prior to their marriage on October 25, 1973. After Mr. Batmanis's death on May 22, 1976, his executrix prepared an inventory of his estate. Appellant and appellee could not agree as to which property held at

the time of Mr. Batmanis's death was separate and which was community. This suit resulted.

Trial was to a jury. After both sides rested, counsel for appellee moved for a peremptory finding that all the real estate involved in the estate was the separate property of the deceased, that six of the bank accounts on the inventory were community property, that the remaining bank accounts were separate property of the deceased, and that certain stock was community property since it was purchased after the marriage and the remainder of the stock was the deceased's separate property. The court sustained the motion as to the real estate, the six community bank accounts, and the stock without objection from counsel for appellant. The court denied the motion as to the remaining bank accounts, and twelve special issues, prepared by counsel for appellee, were approved by the court for submission to the jury. The special issues inquired (1) whether the funds in six certificates of deposit or certificates of savings were on deposit prior to the marriage, (2) whether the deceased had purchased certain certificates of savings during the marriage with checks drawn on his checking account, and (3) whether the deceased had deposited certain dividends and rentals collected by him into his checking account. The jury answered each special issue in the negative. Counsel for appellant moved for judgment on the jury verdict while counsel for appellee moved for judgment notwithstanding the verdict. The judgment *non obstante veredicto* was entered on October 2, 1979.

The first point of error urged by Mrs. Batmanis contends that the trial court erred in sustaining appellee's motion for judgment *non obstante veredicto* because there existed evidence of probative force to support the jury's findings. The argument pertaining to this first point of error makes it clear that appellant's complaint is actually directed only to the following:

Certificate of Savings, San Jacinto Savings Association, No. 48–805692–1

Certificate of Savings, San Jacinto Savings Association, No. 48–002310

Certificate of Savings, Houston First Savings, No. 254418

Certificate of Deposit, Gibraltar Savings Association, No. 7–861388

Certificate of Savings, Benjamin Franklin Savings, No. 48–112813–1

Certificate of Deposit, American Savings & Loan Association, No. 48–021179–7

■ If we are to affirm the trial court's granting of appellee's motion for judgment notwithstanding the verdict, we must determine that there was no evidence to sustain the jury's findings that the six certificates of deposit or savings were not on deposit prior to the marriage of appellant and the deceased. In our review we must view all evidence in the light most favorable to the jury findings and indulge every reasonable inference from the evidence to support those findings. All evidence and inferences not supporting the jury verdict must be disregarded. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812 (Tex.1979).

■ After a thorough review of the evidence concerning the six certificates in dispute, we find that, as a matter of law, they are each directly traceable to certificates held by the deceased prior to the marriage and, therefore, were Mr. Batmanis's separate property. Thus, there was no evidence to support the jury's answers to Special Issues No. 1–6, and the granting of judgment notwithstanding those answers was proper. Appellant's first point of error is overruled.

■ Appellant's second point of error concerns the overruling of her objections to page 1 of Respondent's Exhibits Number 13 and 14 and the admission of Respondent's Exhibits Number 13 and 14 into evidence.

Page 1 of the complained of exhibits are handwritten summaries of the activity of two certificates of deposit, alleged to be community property, which were manually copied from a visual display on a computer terminal. In each case, the summary is unnecessary to explain the remainder of the exhibit which contains signature cards from the two certificates. The certificates are

traceable without the summaries, and, thus, the possible inadmissability of the summaries was not calculated to cause and did not cause the rendition of an improper judgment. Any error in the overruling of the objection to the admission of the summaries was, therefore, harmless. Tex.R.Civ.P. 434.

■ The objection made to the admission of Exhibits 13 and 14 was that the proffered exhibits were copies and, therefore, not the best evidence. It is clear from the record that appellant's objection was in reference to the summaries, page 1 of the exhibits. The accuracy of the reproduction of the signature cards was never disputed. Inasmuch as we have already found the admission of the summaries to have been harmless error, and the accuracy of the reproduction of the remaining pages of the exhibits was never in dispute, those reproductions were admissable under Tex.Rev. Civ.Stat.Ann. art. 3731c (Vernon Supp. 1980). Appellant's second point of error is overruled.

■ Appellant's third point of error complains that the trial court incorrectly held that the sum of $19,272.33, held in constructive trust for the estate of Erato Batmanis (the deceased first wife of Paul Batmanis) by Paul Batmanis as trustee, be satisfied from community property. The undisputed evidence shows that (1) during the marriage of appellant and Paul Batmanis, Mr. Batmanis collected rents and dividends from real property and shares of stock owned by the estate of Erato Batmanis in the amount of $19,272.33, (2) the funds were deposited in Mr. Batmanis's checking account, and (3) funds were withdrawn from that bank account and were used to purchase certain certificates of savings and to open certain passbook savings accounts. The total amount contained in these certificates, passbook accounts and the checking account was $41,341.23. Since appellant did not even attempt to distinguish which of this money came from the rents and dividends collected as constructive trustee and which came from other sources, the entire amount will be subject to the trust. *Eaton v. Husted*, 141 Tex. 349,

172 S.W.2d 493 (1943). Where, as here, the trustee invests the trust money in other property, the beneficiaries of the trust may follow the fund into the new investment. *General Ass'n of Davidian S.D.A. v. General Ass'n, Etc.*, 410 S.W.2d 256 (Tex.Civ.App.— Waco 1966, writ ref'd n. r. e.). And where, as here, the trustee comingles trust money with his own and money is expended, it will be presumed that his own money is expended first. 410 S.W.2d at 259. Thus, the trial court was correct in holding that the $19,-272.33 held in trust for the estate of Erato Batmanis should be recovered from community property, and appellant's third point of error is overruled.

■ Finally, appellant urges error in the trial court's refusal to allow her interest on her one-half of the community property withheld from her since the date of death of Paul Batmanis. The trial court awarded appellant her one-half of the dividends collected on shares of stock owned by the community. We find that appellant is also entitled to her proportionate share of the interest contracted for in the certificates of savings and passbook account found to be community property. In addition, if it be found that appellant's share of the community was wrongfully withheld from her, she may be entitled to interest as damages. *McKinney v. Nunn*, 82 Tex. 44, 17 S.W. 516 (1891); Tex.Rev.Civ.Stat.Ann. art. 5069–1.-01 (Vernon 1971).

■ It is clearly the law in Texas that interest is allowed as damages for the failure to pay a sum due. *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965). Interest attaches whenever it is ascertained that money was due at a particular time and was withheld. *Hayek v. Western Steel Company*, 469 S.W.2d 206 (Tex.Civ.App.— Corpus Christi 1971) *aff'd*, 478 S.W.2d 786 (Tex.1972). If an award is made to appellant for interest as damages, that interest should be at the rate of 6% from the date the amount became due until the date of judgment. *Southline Equipment Co. v. National Marine Service Incorporated*, 598 S.W.2d 340 (Tex.Civ.App.—Houston [14 Dist.], 1980).

891

We remand to the trial court for further consideration the questions of (1) whether appellant's share of the community was wrongfully withheld from her and (2) the amount of contractual interest due appellant from the certificates of savings and passbook account found to be community property.

The remainder of the judgment of the trial court is affirmed.