Shearn MOODY, Jr., et al., Relators,

v.

The Honorable Herbert CROOK, Receiver for Empire Life Insurance Company, et al., Respondents.

No. 14885.

Court of Civil Appeals of Texas, Austin.

March 19, 1975.

Rehearing Denied April 9, 1975.

Joe R. Long, Long & Evatt, Austin, for relators.

Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, for respondents.

PER CURIAM.

This is an original proceeding in which Relators Shearn Moody, Jr. and John S.

Bleker, Jr., have filed their application for review of an order of the trial court fixing the amount of supersedeas bond in Cause No. 198,374A, the 53rd Judicial District Court of Travis County, State of Texas v. Empire Life Insurance Company of America, et al.

Judgment of the trial court was entered February 26, 1975, approving the application of the permanent ancillary receiver, previously appointed, for authority to consummate reinsurance agreement.

This Court, in its opinion published February 26, 1975, affirmed the trial court's order entered November 15, 1974, making appointment of the receiver permanent, revoking the certificate of authority of Empire Life Insurance Company of America to operate in Texas, and permanently enjoining Empire Life and its officers and agents from conducting business in this state. (No. 12,263, Shearn Moody, Jr. and James Wohlenhaus v. State of Texas).

Following approval by the trial court of the receiver's application to make the reinsurance agreement, the Relators filed separate motions to fix amount of supersedeas bond, after which hearing was held by the court on both motions. Relators filed their appeal bond on March 7, 1975, and thereafter, on March 10, the trial court entered its order fixing the amount of supersedeas bond at $2,500,000.

Pursuant to Rule 364(g), Texas Rules of Civil Procedure, Relators have applied for review of the order fixing the supersedeas bond at $2,500,000 on the grounds that the amount is excessive, unreasonable, without evidentiary support, and "has the effect of depriving Relators of their right to supersedeas, and their right to appeal the trial court's judgment of February 26, 1975." Relators contend that a bond in the amount of $25,000 would be reasonable.

Rule 364(g) provides in part: "Where the judgment is in favor of the State . . . [or] a State agency . . . and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond shall be allowed and its amount fixed within the discretion of the trial court . . . The discretion of the trial court in fixing the amount of the bond shall be subject to review."

We have examined Relators' application and reviewed the action of the trial court to determine whether there has been a showing that the trial court abused its discretion in fixing the amount of supersedeas bond. We do not find that the trial court abused its discretion, and therefore decline to set aside the trial court's order fixing the bond.

Relators' application is denied.

Application denied.