H & R OILS, INC., et al., Appellants,

v.

PIONEER AMERICAN INSURANCE COMPANY et al., Appellees.

No. 17762.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 17, 1976.

Rehearing Denied Oct. 15, 1976.

Roach & Robertson and James S. Robertson, Jr., Dallas, for appellant.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Sam J. Day, Fort Worth, for appellee, Pioneer American Ins. Co.

Law Office of H. P. Smead, Jr., by Robert Anderson, Longview, for appellee, Richardson Prod. Corp. and A. H. Richardson, Jr.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendants, Alex Hickey, d/b/a H & R Oil Company, and Mike Trant, from an order appointing a receiver and authorizing him to take charge of certain oil and gas leases and the equipment located on the premises covered by the leases, to collect the proceeds from the sale of the production from the leases, and to perform such other things as may be reasonably necessary to preserve and protect the property.

The suit was brought by Pioneer American Insurance Company against A. H. Richardson, Jr., Richardson Production Corporation, Alex Hickey, d/b/a H & R Oil Company, Mike Trant, and others whom it is not necessary to name in view of the fact that they are not involved in this appeal. The plaintiff alleged that for a valuable consideration paid by it to the defendants, A. H. Richardson, Jr., and Richardson Production Company, Richardson had executed and delivered to plaintiff several promissory notes on which there was a large balance past due and unpaid. Plaintiff also alleged that as security for the payment of the notes the makers of the notes executed and delivered to plaintiff a deed of trust and security agreement covering two oil and gas leases and all equipment and personal property located on said leases. Plaintiff alleged that their lien, by virtue of said instruments, is superior to any claim that Trant and Hickey have to the leases and equipment, and that Trant and Hickey have wrongfully ousted A. H. Richardson, Jr., and Richardson Production Corporation from possession of the two oil and gas leases and are producing oil and gas from such leases and are using the equipment located on the leases and are thus reducing the value of the security.

Plaintiff sued Richardson and Richardson Production Company for judgment for its debt, for foreclosure of its liens on the oil and gas leases and personal property and equipment located thereon and for the appointment of the receiver to operate the leases, and hold the property during pendency of the suit.

After the suit was filed the defendants, Richardson Production Corporation and A. H. Richardson, Jr., also filed a motion asking that the receiver be appointed, alleging therein that they had been wrongfully ousted from possession of the two oil and gas leases involved and from possession of their

equipment located thereon and that Hickey and Trant are producing oil from the leases, thus diminishing the value of the leases and are not accounting to them for such production.

Following a hearing on both applications the trial court rendered the order appointing the receiver that is being appealed from here.

We reverse and vacate the receivership.

In their 7th point of error the appellants urge that the trial court abused its discretion as a matter of law in appointing the receiver on Richardson's application because Richardson's pleadings and the evidence at the hearing failed to establish a probable right of Richardson succeeding at the final trial.

In their 5th point of error appellants urge that the trial court erred in holding that the appointment of a receiver was necessary to protect the rights of Pioneer American Insurance Company because the pleadings and evidence establish that Pioneer American's only claim or security extended to the equipment which they were free to remove at any time, with the exception of the casing in the producing wells.

We sustain both of those points of error.

We will refer herein to Pioneer American Insurance Company as Pioneer American and to A. H. Richardson, Jr., and Richardson Production Corporation as Richardson.

The undisputed evidence that the receivership hearing showed that since the early 1960s Richardson had owned fractional interests in an oil and gas lease referred to herein as the E. W. Clemens 215.7 acre lease and in another oil and gas lease known as the Alma Smith lease. Both leases were located in Runnels County, Texas. Richardson was also the operator of those leases. Richardson borrowed money from Pioneer American and to secure the payment of the note gave Pioneer American a deed of trust and security agreement covering his interest in both of the oil and gas leases and covering the interest of Richardson in all personalty and equipment that was located on those leases. The instruments referred to contained an assignment to the Insurance Company of the proceeds of the sale of Richardson's part of the oil and gas production from said leases. These proceeds were to be applied by Pioneer American in payment of Richardson's note referred to. At the time of the receivership hearing there was past due and unpaid on Richardson's note about $85,000.00.

The Alma Smith lease between Richardson and his associates and the landowner provided that that lease would expire if the production of oil or gas ceased, for any cause, and drilling or reworking operations were not commenced within 60 days thereafter. The E. W. Clemens 215.7 acre lease involved contained a provision to the same effect.

The undisputed evidence at the receivership hearing showed that Richardson had been producing oil from the leases involved since the early 1960s and that in 1974 Richardson became ill, that he could not attend to his business, and that production on both leases completely ceased for a period of more than 60 days. When this case was argued before this Court all parties admitted that in 1974 production on both leases ceased for more than 60 days and that reworking operations were not commenced within that 60 day period.

After the expiration of such 60 day period during which reworking operations were not commenced the appellants, Trant and Hickey, acquired a new oil and gas lease from the landowner covering the Alma Smith lease that is involved here. This occurred on August 20, 1974.

On September 20, 1974, Trant and Hickey also acquired from the landowner a new lease on the tract that had been covered by Richardson's E. W. Clemens lease above referred to. For more than 60 days before the date of this lease to Trant and Hickey there had been no production from the Clemens lease and no reworking operations had begun.

■ Under the express provisions of Richardson's leases with the landowners his Alma Smith lease and his E. W. Clemens

215.7 acre lease both terminated in 1974 when he allowed both of such leases to cease producing oil and gas for a period of more than 60 days and when he did not begin reworking operations on the wells of either of said leases during the 60 day period. At the end of such 60 day period Richardson no longer owned any interest whatever in the realty involved in the two oil and gas leases or in the minerals thereunder. *Eubank v. Twin Mountain Oil Corporation*, 406 S.W.2d 789 (Tex.Civ.App., Eastland 1966, writ ref., n. r. e.), and *Francis v. Pritchett*, 278 S.W.2d 288 (Tex.Civ.App., El Paso 1955, writ ref.).

■ The liens held by Pioneer American on the two oil and gas leases involved only covered the interests of Richardson in said leases. When Richardson's rights in the oil and gas leases terminated because of the cessation of production, Pioneer American's lien rights in the property also terminated because the lien rights that were conveyed to Pioneer American were subject to the termination provisions contained in the leases.

It is thus apparent from the undisputed evidence that at the time of the receivership hearing neither Richardson nor Pioneer American owned any interest in the real property (oil and gas leases) that a receiver was appointed over.

The only grounds pleaded and relied on at the hearing by appellees that they claimed entitled them to a receiver over the oil wells involved were that Richardson owned the oil and gas leases on the property and that Pioneer American owned liens on the interest of Richardson in said oil and gas leases, and that appellants had wrongfully ousted them from possession thereof. The undisputed evidence showed that the rights of both Richardson and Pioneer American in the realty involved had terminated prior to the receivership hearing because the two oil and gas leases had terminated as is demonstrated above.

■ It was therefore error for the trial court to appoint the receiver to take charge of the realty in this case (the oil and gas leases) because one element that the applicants had to prove at the hearing before either would be entitled to the appointment of a receiver over the property was that such applicants, or at least one of them, owned an interest in the property that the receiver was to take charge of. *Wadsworth v. Cole*, 265 S.W.2d 628 (Tex.Civ.App., El Paso 1954, no writ hist.); *Pelton v. First National Bank of Angleton*, 400 S.W.2d 398 (Tex.Civ.App., Houston 1966, no writ hist.); and for other such cases see 49 Tex.Jur.2d 28, Receivers, Sec. 13.

This they did not do because the undisputed evidence showed that neither applicant owned an interest in the real property involved at the time of the hearing and that neither applicant could probably establish an interest in the real property involved at a trial on the merits.

■ We also hold that the trial court abused its discretion in appointing the receiver to take charge of the personal property and equipment located on the leases. The evidence showed that Richardson only owned a fractional interest in said personalty and equipment and that Pioneer American's lien only covered the interest of Richardson in such property. When the receiver was applied for, the appellants filed in the case a disclaimer by which they disclaimed any interest in the personal property and equipment claimed by appellees, except (a) the casing in the Alma Smith A–1 and A–3 wells and the E. W. Clemens D–1 well; (b) any bottom hole pumps of defendants that are now in those wells; and (c) the packer located in the Alma Smith A–3 well. In the disclaimer appellants granted appellees the right to enter the realty and remove the personalty involved with the exception of the items referred to. Appellants also offered to keep and pay appellees for their interests in the casing in the three wells, any bottom hole pumps of defendants in said wells, and the packer in the Alma Smith A–3 well.

The following is from the opinion in *Eubank v. Twin Mountain Oil Corporation*, 406 S.W.2d 789 at page 792 (Tex.Civ.App., Eastland 1966, writ ref., n. r. e.):

"The court correctly held that under the facts and circumstances in evidence appellant, even though the owner of the casing involved, was in equity not entitled to remove it from the wells. The owner of casing under such circumstances is entitled to be compensated for the reasonable value thereof. 4 Williams Oil and Gas Law page 213, et seq. The court found upon sufficient evidence that $1800.00 would reasonably compensate Eubank for the removable casing. The judgment for Eubank was based upon this theory and measure of damages. We overrule appellant's points urging, in effect, that such action of the court was error.

" .    .    .

" .   .   . Appellant was the owner of oil and gas leases on the land. The wells were drilled in accordance with such leases and oil was produced from the wells. When appellant ceased to produce oil from the premises his leases terminated. The wells are a part of the real estate and upon the termination of the leases the wells became the property of the lessors and appellant had no further title thereto and has no right to recover the cost of drilling such wells."

A case holding to the same effect is *Patton v. Rogers,* 417 S.W.2d 470 (Tex.Civ. App., San Antonio 1967, writ ref., n. r. e.).

For some reason appellees refused to accept the offer to remove the personalty and equipment referred to.

With this state of facts existing, and with the law being as it is announced in the Eubanks and Patton cases, supra, we hold that the trial court abused its discretion in appointing a receiver over the personalty and equipment that are involved in this case because it was not reasonably necessary in order to preserve such personal property and equipment that a receiver be appointed over it.

The following is from 49 Tex.Jur.2d 27, Receivers, Sec. 12: "A receiver may be appointed only when receivership is shown to be reasonably necessary for preservation of property involved in litigation, and for protection of the rights of persons having claims against it."

The appellants urge additional points of error all of which we have considered and hereby overrule. We will not add to the length of this opinion by discussing them because the points that we have already discussed dispose of the appeal.

It is of interest that the transcript on this appeal does not show that the applicants for the receiver were required to or did file in this case the applicant's bond that is required by Rule 695a, T.R.C.P. The order appointing the receiver does not fix the amount of such a bond. Rule 695a provides that, "No receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good  .   .   . bond  .   .   . payable to the defendant in the amount fixed by the court, conditioned for the payment of all damages and cost in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property.  .   .   . "

The cases hold that posting of the bond required by Rule 695a is essential. *Pfeiffer v. Pfeiffer,* 394 S.W.2d 679 (Tex.Civ.App., Houston 1965, writ dism.); *Greenland v. Pryor,* 360 S.W.2d 423 (Tex.Civ.App., San Antonio 1962, no writ hist.); and *O'Connor v. O'Connor,* 320 S.W.2d 384 (Tex.Civ.App., Dallas 1959, writ dism.).

It is not necessary for us to determine the legal effect of this apparent omission in view of the disposition we make of this case.

The trial court's order appointing a receiver is hereby vacated.

Costs of the receivership and of this appeal are taxed against the appellees.