Leonard, Koehn, Rose, Webb & Hurt, Austin, Daugherty, Kuperman, Golden, Carlisle & Morehead and John F. Morehead and Mary A. Keeney, Austin, for appellee.

## AMERICAN BENEFIT LIFE INSURANCE COMPANY, Appellant,

v.

## HILL COUNTRY LIFE INSURANCE COMPANY, Appellee.

### No. 18072.

Court of Civil Appeals of Texas, Fort Worth.

May 17, 1979.

Rehearing Denied June 14, 1979.

### OPINION

HUGHES, Justice.

American Benefit Life Insurance Company, an Alabama corporation, has appealed a judgment of the trial court which approved a plan of rehabilitation (reinsurance of the policies of the insolvent Old National Insurance Company, also an Alabama corporation). Hill Country Life Insurance Company, appellee, was allowed to reinsure the policies under its proposal. Hill Country is a Texas corporation. American Benefit contends in its only point of error that trial court abused "its discretion in reviewing and adjudicating against the appellant's plans for reinsurance of the business of the insurance company in receivership."

We affirm.

This case was tried by the court on December 19 and 20, 1977 and involved the ancillary receivership of Old National which dated from March 30, 1970. The Liquidation Division of the State Board of Insurance had petitioned for the receivership. Also, the State of Alabama had placed Old National in domiciliary receivership. A trial was had in Alabama on December 12, 1970 involving the same subject matter and the same three companies seeking the same respective ends as in this Texas proceeding.

The Alabama trial court, sitting in equity, favored the Hill Country proposal with a judgment the day the trial court in Texas commenced hearing this case. The Alabama judgment is also on appeal.

The question before us is whether or not trial court abused its discretion in ruling that Hill Country plan would be used. *Application of People by Van Schaick v. National Surety Co.,* 239 App.Div. 490, 268 N.Y.S. 88, (Sup.Ct.1933; aff'd. by the Court of Appeals, 264 N.Y. 473, 191 N.E. 521, (1934)).

No findings of fact and conclusions of law were made and none were requested.

All parties to this appeal admit that Old National is insolvent. It has an $800,000.00 excess of liabilities over assets ($2,700,-000.00 v. $1,900,000.00).

Testimony shows that 99.5% of its policyholders live in Texas and that 100% of Old National stock outstanding is owned by American Benefit.

The Hill Country plan of rehabilitation of the Old National policies involves rehabilitating the Old National policyholders to their full status over a sixteen year period. Hill Country proposes to do this by maintaining death benefits in full but by reducing reserve liabilities (or benefits, as viewed by the policyholders) to policyholders. This would be achieved by placing a moratorium on the insureds' right to borrow against their policies at the usual 5% rate of interest. This would allow Hill Country to keep this money and invest it for a larger return, thus reducing the reserve liability and generating more money for payment of death claims.

This is a reducing lien which will terminate in sixteen years (less if liquidation of Old National assets to acceptable assets is accomplished). As Old National assets are liquidated, their transfer to Hill Country will reduce the moratorium period.

This plan is criticized by American Benefit as having too long a moratorium period as compared to the five year period it proposes with the Hill Country plan having a 100% moratorium as compared to American Benefits' 50% moratorium (reducing 10% a year to zero in the five year period). Hill Country points out that its sixteen year period starts with 1970 and ends in 1986, whereas the American Benefit period starts in 1977 and terminates in 1982.

American Benefit also criticizes Hill Country's limited assets of $650,000.00 with capital and surplus of $231,000.00 as compared to its $52,000,000.00 assets and capital and surplus of $13,376,990.00. It must be noted however that American Benefit is not licensed to do business in Texas. There are other factors involving the reliability of the American Benefit plan which we will not discuss.

There is no doubt that under Texas law the appointment of a receiver is largely in the trial court's discretion. *Washington Am. Life Ins. Co. v. State,* 545 S.W.2d 291 (Tex.Civ.App.—Austin 1977, no writ). *Archer v. Ross,* 262 S.W.2d 213 (Tex.Civ. App.—Fort Worth 1953, no writ).

*Van Schaick, supra,* is cited in the last sentence of the following:

"As a general rule, under general statutes or special statutes pertaining to rehabilitation proceedings, an appeal may be taken from the orders or decrees of the court rendered in the proceedings. When the commissioner files a petition to be appointed conservator and asks authority to work out a rehabilitation plan he institutes a proceeding which is but one proceeding until the proposed plan is ultimately passed on, and intervening orders are merely preliminary orders which may be considered on appeal from the order affirming the rehabilitation plan.

*A rehabilitation plan approved by the court on application of the superintendent of insurance will not be set aside unless there is proof of abuse of discretion or gross inequity.*" (Emphasis ours.) 44 C.J.S. *Insurance* § 135 (1945).

The matter of overturning the discretion of the trial judge is not to be taken lightly by the appellate court and we are not privileged to substitute our discretion for that of the trial judge. *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290 (1959); *Landry v. Travelers Insurance Company,* 458 S.W.2d 649 (Tex.1970).

We hold that the trial court did not abuse its discretion in selecting the Hill Country plan.

Affirmed.