Laverne CROSS, et al., Appellants,

v.

Herstle CROSS, et al., Appellees.

No. 13–87–188–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 29, 1987.

Rehearing Denied Nov. 30, 1987.

Robert B. McLeaish, Allen B. Odum, Larry Watts, McAllen, for appellants.

Louis C. Brown, Mission, Tom Koeneke, John E. Lewis, Robin W. Welch, McAllen, for appellees.

Before NYE, C.J., and UTTER and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This interlocutory appeal challenges the appointment of a receiver for two Texas corporations: 1) Texas Plantations Incorporated (TPI) and 2) Falcon Realty Sales Incorporated (Falcon). The primary business of these two corporations is the collection of vendor's lien notes and rental income. The holdings of these two corporations are extensive.

The underlying suit from which this ancillary appeal arises concerns the percentage of ownership of stock in TPI, corporation one. Appellants initiated the main suit requesting a declaratory judgment to determine the amount of stock owned by appellee in TPI. Appellants further charged appellee, president of both corporations, with breach of fiduciary duty and conversion.

The ownership of the two corporations is complicated. Appellee, Herstle Cross, is the owner of a disputed amount of stock in TPI, corporation one. The remaining stock of TPI is owned by two trusts: the J.T. Cross Family trust and the Laverne Cross Family trust. Appellant Laverne Cross is the trustee of the Laverne Cross Family trust and appellant Jane Cross is one of a number of beneficiaries of the J.T. Cross Family trust. All of the remaining beneficiaries of the J.T. Cross Family Trust intervened at the hearing on the application for appointment of a receiver and requested that a receiver be appointed for both corporations. Each of the above two trusts owns fifty percent of the stock of Falcon, corporation two.

At the outset, we note that on three separate occasions, prior to the present appointment of this receiver, appellants had requested that a receiver be appointed for these two corporations. By seven points of error, appellants now complain that the trial court abused its discretion in appointing a receiver. We disagree and affirm the judgment of the trial court.

By their first point of error, appellants assert that appellee's application for receivership over TPI, corporation one, is insufficient as a matter of law to support an order of receivership. In his application for appointment of a receiver, appellee states that he is a shareholder of TPI, that there exists a dispute as to ownership of the corporation's stock, that there is confusion over who the directors and officers of the corporations are, and that corporate assets are being wasted.

While a trial court may on its own motion appoint a receiver without an application by any party when the facts justify the appointment to preserve or protect the property or the fund in litigation, we hold that the appellee's application for appointment of a receiver is sufficient to support the trial court's order. *B & W Cattle Co. v. First National Bank of Hereford,* 692 S.W.2d 946, 949 (Tex.App.—Amarillo 1985,

no writ); *H & R Oils, Inc. v. Pioneer American Insurance Co.*, 541 S.W.2d 665, 669 (Tex.Civ.App.—Fort Worth 1976, no writ); *Sloan v. Sloan*, 474 S.W.2d 272, 275 (Tex.Civ.App.—Waco 1971, no writ).

In points of error two through four, appellants challenge the sufficiency of the evidence by which the court appointed the receiver. The appointment of a receiver is within the discretion of the trial court and this decision will not be disturbed on appeal unless there is a clear abuse of discretion. *Smith v. Smith*, 681 S.W.2d 793, 795 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 325 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Washington American Life Insurance Co. v. State*, 545 S.W.2d 291, 294 (Tex.Civ.App.—Austin 1977, no writ). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). To establish an abuse of discretion, the complaining party must show that the trial court's action was arbitrary and unreasonable in light of all the circumstances of the particular case. *B & W Cattle*, 692 S.W.2d at 951; *Theatres of America, Inc. v. State*, 577 S.W.2d 542, 547 (Tex.Civ.App.—Tyler 1979, no writ).

■ In the present case, the evidence adduced at the hearing for receivership justified the appointment of a receiver. i.e., (1) A dispute existed over the stock ownership of TPI; (2) two individuals were each claiming to be president of both TPI and Falcon; (3) there was confusion over who were the directors of the two corporations; (4) one of the purported officers of one of the corporations was sending out acceleration notices and threatening to foreclose on various properties; (5) as a result of the acceleration notices, the corporations were being threatened with lawsuits; (6) there was confusion over who was authorized to receive money on behalf of the corporations; (7) several individuals had interpled money into the court registry which belonged to one or the other of the two

corporations; and (8) a need for accounting existed because approximately $10,000.00 of corporate assets were being expended each month by the individuals in possession of the corporate assets.

Under all of the facts of this case, the trial court acted reasonably in appointing a receiver. The evidence is sufficient to support the trial court's order.

By their fifth point of error, appellants complain that there are no written pleadings for a receivership over Falcon, corporation two. At the hearing on the application for appointment of receiver, the intervenors made an oral motion in open court to join appellee in his motion for receivership and to request that a receiver be appointed for Falcon also. Appellants not only failed to object to the intervenor's motion, but specifically stated that they did not dispute the intervenor's oral application for receivership.

■ Predicates for complaints on appeal must be preserved at the trial court level by motion, exception, objection, or some other vehicle. *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981); *O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 564 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); Tex.R. App.P. 52. The appellants' failure to timely and specifically object to the intervenors' oral motion made in open court constituted a waiver of their complaint on appeal.

In their sixth point of error, appellants allege that the trial court prejudged the case without hearing evidence. This is not true. The record reflects that a lengthy hearing was held on the appellees' application for appointment of a receiver. Every party involved had an equal opportunity to present and rebut evidence. The able trial judge listened to and considered the motions and objections of each of the parties. Appellants' contention is without merit. Their sixth point of error is overruled.

■ By their final point of error, appellants complain that the trial court

should have granted their request for a jury trial on the receivership issue. Appellants have been granted a jury trial on the ultimate issues in the main suit. The appointment of a receiver is an ancillary proceeding to the main suit and lies within the sound discretion of the trial court. *B & W Cattle Co.*, 692 S.W.2d at 951. Accordingly, appellants are not entitled to a jury trial on the trial court's discretionary authority to appoint a receiver. *Gunther v. Dorff,* 296 S.W.2d 638, 639 (Tex.Civ.App.—Waco 1956, error dism'd).

All of appellants' points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.